FILED

October 5, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 10:50 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| DWIGHT MITCHELL, <br> **Employee,** <br><br> v. <br><br> **RANDSTAD NORTH AMERICA,** <br> **Employer.** | ) Docket Nos.: 2015-06-0954 <br> )                2015-06-0955 <br> ) <br> ) **State File Nos.: 88416-2015** <br> )               88471-2015 <br> ) <br> ) **Judge Kenneth M. Switzer** <br> ) |

## COMPENSATION ORDER GRANTING
## MOTION FOR SUMMARY JUDGMENT

This matter came before the Court on October 4, 2016, upon the Motion for Summary Judgment filed by Randstad North America. The central legal issue is whether Randstad is entitled to summary judgment due to Mr. Mitchell's failure to come forward with evidence at this summary judgment stage supporting essential elements of his claim. In determining this motion, the Court considered all relevant filings and holds for the reasons set forth below that Randstad is entitled to summary judgment as a matter of law. Therefore, Mr. Mitchell's claim is dismissed with prejudice to its refiling.

### History of Claim

On April 9, 2014, Mr. Mitchell sustained work-related injuries while under Randstad's employ. Randstad accepted the claim as compensable, providing medical and temporary total disability benefits. Mr. Mitchell filed two Petitions for Benefit Determination (PBD) on November 13, 2015, claiming new injuries.[1]

On November 25, 2015, the parties presented a Joint Petition before the Circuit

---

[1] Randstad's statement of undisputed material facts claimed these PBDs were filed after the Davidson County Circuit Court settlement, referenced later within this Order. Actually, Mr. Mitchell filed the PBDs before entering into the settlement. However, the Court concludes this is not a material fact. In fact, the execution of the settlement documents in Davidson County Circuit Court after filing the PBDs further supports Randstad's position that the previous settlement included these potential claims.

1

Court of Davidson County to approve a settlement of $25,000. Mr. Mitchell signed that Petition and the attached Final Decree. The Joint Petition states on April 9, 2014, Mr. Mitchell "was involved in an accident, arising out of and in the course of his employment with Randstad." He sustained "additional aggravations of his injuries on September 23, 2014, and March 12, 2015." The accompanying Final Decree reads: "Said sum is a full, final and complete settlement and discharge of Randstad North America and its insurer from any further liability to Dwight Mitchell for any claimed medical condition or disability under the *Workers' Compensation Law,* by reason of said alleged accident or aggravations." (Italics in original.)

Mr. Mitchell subsequently filed a Request for Expedited Hearing in the Court of Workers' Compensation Claims seeking additional medical and temporary disability benefits relative to the September 2014 and March 2015 injuries. After a full evidentiary hearing, this Court issued an Expedited Hearing Order Denying Requested Benefits. In the Order, the Court held it lacked jurisdiction to determine the parties' rights regarding the pre-July 1, 2014 injury. The Court further found Mr. Mitchell read, reviewed, signed and understood "at that time" the settlement agreement, which precluded further recovery. The Court additionally rejected Mr. Mitchell's argument raised at the hearing regarding alleged mistakes by the authorized treating physician, reasoning that the medical records Mr. Mitchell relied upon – a bone scan and x-ray reports – documented the existence of additional injuries but did not explain their cause or relate them to work. The Court Order suggested that since his arguments regarding the settlement pertain, at least in part, to the pre-July 1, 2014 injury, Mr. Mitchell needed to raise them before the Davidson County Circuit Court.

Mr. Mitchell appealed, but the Tennessee Workers Compensation Appeals Board affirmed. The Appeals Board wrote:

> To the extent Employee alleges that he suffered distinct, compensable injuries on September 23, 2014 and March 12, 2015 for which he is owed benefits under post-reform law, there is nothing in the record beyond Employee's bare allegations supporting such a claim. To the extent Employee alleges that he suffered aggravations on September 23, 2014 and March 12, 2015 entitling him to additional benefits under pre-reform law and that the parties' court-approved settlement should be set aside, such arguments should be addressed to the Davidson County Circuit Court. We note that prior to this action, Employee characterized the incidents at issue as aggravations of the April 9, 2014 injury, which were specifically addressed in the parties' court-approved settlement.

*Mitchell v. Randstad N. Am., et al.,* Nos. 2015-06-0954, 2015-06-0955, 2016 TN Wrk. Comp. App. Bd. LEXIS 32, at *4-5 (Tenn. Workers' Comp. App. Bd. Aug. 11, 2016).

Randstad filed its Motion for Summary Judgment, along with a Statement of Undisputed Material Facts and a Memorandum of Facts and Law in Support of the Employer's Motion for Summary Judgment. At a subsequent initial hearing, counsel for Randstad informed the Court it sent Mr. Mitchell, who is self-represented, a copy of Rule 56. Randstad argued that both this Court and the Appeals Board found the settlement agreement acknowledged Mr. Mitchell's aggravations and he accepted $25,000 in consideration for releasing Randstad from any additional liability arising out of the April 9, 2014 injury. Randstad additionally noted Mr. Mitchell filed a motion seeking relief from judgment under Rule 60 in Davidson County Circuit Court.

Mr. Mitchell filed a Response to the Statement of Undisputed Material Facts. He denied all but two of the eight factual statements, offering argument rather than contrary facts. In particular, he disputed that the "Joint Petition was signed by both parties and approved by the Davidson County Circuit Court as evidenced by the Final Decree," arguing that the Final Decree was "based on fraud on the court they did not match, fraud, mistake bad faith negotiations, lack of meeting of the minds." He further argued the Davidson County Circuit Court lacked subject matter jurisdiction for injuries sustained after July 1, 2014. Mr. Mitchell additionally disputed that this Court issued an expedited hearing order finding that he was not entitled to workers' compensation benefits. Mr. Mitchell disputed this by referencing his Motion to Include Additional Issues, in which he asked this Court to consider new injuries not covered by the Joint Petition and Final Decree. The Court denied the motion as unnecessary because Mr. Mitchell listed these injuries and conditions in response to the proposed Dispute Certification Notice, and therefore they were properly before the Court.

Along with Mr. Mitchell's Response, he filed a Statement of Additional Disputed Material Facts. In that list, he identified disputes regarding: 1) whether he "was given an MMI as required by Workers' Compensation law"; 2) whether the treating doctor signed a final medical report; 3) the validity of the Final Decree because it covers different injuries than those of the Joint Petition; 4) the existence of new injuries occurring after July 1, 2014, documented by new medical records; 5) whether the Circuit Court had jurisdiction over injuries occurring/diagnosed after July 1, 2014; 6) whether the Joint Petition represented a meeting of the minds; and 6) the "legality" of the Final Decree, since the Circuit Court "did not even make sure the Final Decree matched the Joint Petition." Randstad submitted no response to these statements and stated during oral argument that it had not received a copy.

**Legal Principles and Analysis**

In 2011, the Tennessee General Assembly codified the burden of proof applicable to a motion for summary judgment filed by a party who does not bear the burden of proof at trial as follows:

In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:

(1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or

(2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (2015); *Payne v. D and D Electric,* No. 2014-01-0023, 2016 TN Wrk. Comp. App. Bd. LEXIS 21, at *7-8 (Tenn. Workers' Comp. App. Bd. May 4, 2016). Thus, Mr. Mitchell, as the nonmoving party, must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in [his] favor[.]" *Rye v. Women's Care Ctr. of Memphis, MPLLC,* 477 S.W.3d 235, 265 (Tenn. 2015). He must do more than simply show that there is some "metaphysical doubt" as to the material facts. *Id.* The focus is on the evidence the Mr. Mitchell comes forward with *at the summary judgment stage,* "not on hypothetical evidence that theoretically could be adduced . . . at a future trial." *Id.* (emphasis added).

The Court notes Mr. Mitchell's Response to Randstad's Statement of Undisputed material facts is defective. None of the disputed facts he identified was supported by specific citations to the record as required by Tennessee Rule of Civil Procedure 56.03, a copy of which Randstad provided to him. Likewise, none of Mr. Mitchell's proposed Additional Disputed Material Facts contain citations to the record in support of his position.

Our Appeals Board held that self-represented litigants "must comply with the same standards to which lawyers must adhere." *Burnette v. K-Mart Corp.,* No. 2014-02-0020, 2015 TN Wrk. Comp. App. Bd. LEXIS 2, at *6 (Tenn. Workers' Comp. App. Bd. Jan. 20, 2015). The Board explained:

[P]arties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

4

*Id.* at \*6-7. Here, Mr. Mitchell failed to comply with Rule 56's requirements, and this Court cannot excuse his noncompliance with the rules that Randstad is expected to observe. Likewise, the Court cannot consider legal arguments that Mr. Mitchell did not fully develop or cite to existing law for substantiation. The Tennessee Supreme Court explained, "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010).

Randstad's Motion for Summary Judgment indicated it denied Mr. Mitchell's post-July 1, 2014 claims because they were resolved by virtue of the Davidson County Circuit Court Final Decree. Mr. Mitchell submitted nothing to challenge this assertion. As previously stated by both this Court and the Appeals Board, Mr. Mitchell's contentions alleging fraud, mistake and lack of meeting of the minds are issues to be raised before the Davidson County Circuit Court. The Court of Workers' Compensation Claims lacks authority to overrule an order of the Circuit Court. Further, Mr. Mitchell's assertions as to designation of MMI, whether the treating physician signed a medical report, and whether the Joint Petition represented a meeting of the minds are not material facts to the outcome of this dispute.

Rather, in this Court's estimation, the critical, undisputed material fact is that the parties settled all claims of "additional aggravations of his injuries on September 23, 2014, and March 12, 2015," as a "full, final and complete settlement and discharge of Randstad North America and its insurer from any further liability[.]" Simply put, Mr. Mitchell already obtained his remedy. As for Mr. Mitchell's assertion that the medical records show new injuries occurred after July 1, 2014, he presented no medical proof on this issue.[2]

Applying the standards mentioned above, to overcome summary judgment, Mr. Mitchell had to demonstrate that he could establish the essential element of his claim. In other words, he had to show that he did not settle his claim for benefits as part of the Davidson County Circuit Court Final Decree. The Court holds Mr. Mitchell has not come forward with evidence at this summary judgment stage to support this essential element of his claim for workers' compensation. Accordingly, having carefully reviewed the evidence in a light most favorable to Mr. Mitchell, this Court concludes he failed to demonstrate that his evidence is sufficient at this summary judgment stage to identify a

---

[2] The Expedited Hearing Order dealt in detail with the medical proof on causation; Mr. Mitchell presented no proof in contradiction of that issue at that hearing, either. Further, this Court rejects his contention that the authorized treating physician was mistaken in his diagnosis and treatment. As our Appeals Board observed, "Judges are not well-suited to second guess a medical expert's treatment, recommendations, and or diagnoses absent some conflicting medical evidence or some other countervailing evidence properly admitted into the record." *Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at \*8 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015).

dispute as to a material fact in this matter. *See Rye,* 477 S.W.3d at 265.

**IT IS, THEREFORE, ORDERED** as follows:

1. Randstad's Motion for Summary judgment is granted, and Mr. Mitchell's claim against Randstad for the requested workers' compensation benefits is dismissed on the merits with prejudice to its refiling.

2. The filing fee of $150.00 for this cause is taxed to the Employer, Randstad, pursuant to Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2015), to be paid within five days of the entry of this order, and for which execution may issue as necessary.

3. Randstad shall prepare and submit the SD-1 for this matter within ten days of the date of judgment.

**ENTERED this the 5th day of October, 2016.**

**Judge Kenneth M. Switzer**
**Court of Workers' Compensation Claims**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Order to appeal the decision to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal your case to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty calendar days* of the date the Workers' Compensation Judge entered the Compensation Hearing Order.

3. Serve a copy of the Compensation Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing

6

fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The party filing the notice of appeal, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. Alternatively, the party filing the appeal may file a joint statement of the evidence within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03 (2015).

6. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3) (2015).

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, this Order will become final by operation of law thirty calendar days after entry, pursuant to Tennessee Code Annotated section 50-6-239(c)(7) (2015).**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Order was sent to the following recipients by the following methods of service on this the 5th day of October, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|---------------|---------|-----------|------------------|
| Dwight Mitchell, Self-represented employee | X | | X | Dwightmitchell1222@yahoo.com; 323 Forest Park Rd., Madison TN 37115 |
| W. Troy Hart, Charlie Pierce, Employer's Attorneys | | | X | wth@mijs.com cepierce@mijs.com |

Penny Shrum, Clerk
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

8